```
                                              CLERK'S OFFICE U.S. DIST. COURT
                                                     AT ROANOKE, VA
                                                          FILED
                                                      SEP 21 2005
                                              JOHN F. CORCORAN, CLERK
                                              BY:
                                                     DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSE FRANCISCO BELTRAN PULIDO,<br>Petitioner, | Civil Action No. 7:05-cv-00500 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

The petitioner, Jose Francisco Beltran Pulido, brings this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The petitioner alleges that he received ineffective assistance of counsel at sentencing. For the following reasons, the petitioner's motion is untimely and must be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[1]

### Background

On January 6, 2004, the petitioner pled guilty to illegally reentering the United States after having been deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On March 8, 2004, the court sentenced the petitioner to a term of imprisonment of thirty-eight months, followed by a three-year term of supervised release. The petitioner's judgment of conviction was entered on March 9, 2004. The petitioner did not appeal his conviction or sentence.

The petitioner mailed this § 2255 motion on August 3, 2005. On August 18, 2005, the court conditionally filed the motion and advised the petitioner that the motion appeared to be untimely.

---

[1] Rule 4(b) provides, in pertinent part, as follows: "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

The court directed the petitioner to submit within twenty days any argument and/or evidence concerning the timeliness of his motion. As of this date, the court has not received a response from the petitioner.

## Discussion

Section 2255 has a one-year period of limitation. Generally, this period begins to run from the date on which the judgment of conviction becomes final. See § 2255, ¶ 6.[2] In this case, the petitioner's judgment of conviction was entered on March 9, 2004. Because the petitioner did not appeal his conviction, it became final on March 23, 2004, the date on which his time to appeal expired. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b) and 26(a). Therefore, the petitioner had until March 23, 2005 to file a motion under § 2255. Because the petitioner filed this motion more than four months after the one-year period of limitation expired, and since the petitioner has not demonstrated any grounds for equitable tolling[3], the petitioner's motion is untimely. Accordingly, the motion must be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

The Clerk is directed to send a certified copy of this memorandum opinion and the

---

[2] Under § 2255, the one-year period of limitation begins to run on the latest of four dates: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Here, the petitioner has not alleged anything to support the court's reliance on subsections (2), (3), or (4). Therefore, the court concludes that the one-year period of limitation began to run on the date the petitioner's conviction became final.

[3] The United States Court of Appeals for the Fourth Circuit has explained that equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

2

accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This 21st day of September, 2005.

                                                   _____
                                                       United States District Judge